IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:06-cr-0069 |
| | : | |
| v. | : | |
| | : | |
| SYLVESTER MCADOO | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is Defendant Sylvester McAdoo's Motion to Correct Sentence pursuant to 28 U.S.C. § 2255. McAdoo pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). He was sentenced under the Armed Career Criminal Act ("ACCA"), which subjected him to a mandatory minimum term of incarceration of 15 years to a maximum of life, because he had three prior convictions for serious drug offenses and violent felonies. *See* 18 U.S.C. § 924(e). McAdoo had two prior convictions for robbery in York County (Presentence Report ("PSR), ¶¶ 24 & 25), and two prior convictions for drug offenses in Dauphin County (PSR, ¶¶ 42 & 43).

McAdoo's guideline range under the ACCA was 188 to 235 months. He was sentenced to 216 months. Without the application of the ACCA, he would have been subjected to a statutory maximum term of 120 months.

McAdoo argues that pursuant to *Johnson v. United States*, 135 S.Ct. 225 (2015), his Pennsylvania convictions for robbery do not qualify as a violent felony.

*Johnson* held that the residual clause of the ACCA, which defines "violent felony" as including an offense that "otherwise involves conduct that presents serious potential risk of physical injury to another," is unconstitutionally vague. *Id.* at 2257. The Government argues that McAdoo's robbery convictions would fall under the force clause of the ACCA.

After much briefing, the court directed the Government to file documents specifying which section of the Pennsylvania robbery statute McAdoo pled guilty to. (Doc. 72.) The Government provided said documents which shows McAdoo pled to 18 Pa. C.S. § 3701(a)(1)(v) on both occasions. (Doc. 73.) McAdoo filed a response to these submissions. (Doc. 74.)

In *United States v. Hollins*, the court found that under 18 Pa. C.S. § 3701(a)(1)(v) robbery by force, however slight, fails to qualify as a crime of violence under the force clause but does qualify under the residual clause (now unconstitutional). 514 F. App'x 264, 267 (3d Cir. 2013); *see also United States v. Harris*, ---F. Supp. 3d---, No. 6-cr-0268, 2016 WL 4539183, * 16 (M.D. Pa. Aug., 31, 2016); *United States v. Stanford*, No. 08-cr-307 (M.D. Pa. Oct. 18, 2016) (Dkt. 79). Thus, McAdoo has not met the three "violent felonies" requirement under the ACCA.

The Government recognizes that *Hollins* has an impact on this case. (Doc. 70, p. 16), but argues that McAdoo has procedurally defaulted in raising the force

issue. This court declines to accept this argument and adopts the reasoning of McAdoo on this issue. (*See* Doc. 71, pp. 8-10.)

An appropriate order will issue.

                                                  s/Sylvia Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: December 6, 2016