IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:06-cr-069** |
| **v.** | : | |
| **SYLVESTER MCADOO** | : | **Judge Sylvia H. Rambo** |

## **M E M O R A N D U M**

Before the court is Defendant Sylvester McAdoo's motion for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). On February 14, 2018, the court held a telephone conference with Assistant Federal Public Defender Melinda Ghilardi, Esquire, and Assistant United States Attorney Michael Consiglio, Esquire to discuss the motion, which is opposed by the Government. In an email dated February 6, 2018, the probation officer expressed no opposition to the motion.

### I. **Background**

On February 15, 2006, an Indictment was filed charging McAdoo with possession and use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c); possession with the intent to distribute and distribution of 5 grams or more of cocaine base and heroin, in violation of 21 U.S.C. § 841(a)(1); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Doc. 1.) On August 1, 2006, McAdoo pled guilty to Count 3, felon in possession of a firearm in

violation of 18 U.S.C. § 922(g). He was sentenced on March 5, 2007 to 216 months imprisonment and 5 years supervised release. The sentence was impacted by the application of the Armed Career Criminal Act, and the sentence was amended on March 5, 2008 to a term of imprisonment of 204 months and supervised release of 5 years. (Doc. 48.) On June 24, 2016, McAdoo filed a motion for relief under 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2251 (2015), arguing that he was erroneously sentenced as an armed career criminal because his Pennsylvania robbery convictions were not crimes of violence under the residual clause of the career offender provision in the sentencing guidelines. By order of December 6, 2016, the court granted relief under 28 U.S.C. § 2255, and resentenced McAdoo to a term of imprisonment of 120 months and 2 years supervised release. McAdoo was released from federal custody on December 7, 2016, and began his 2-year term of supervised release, which expires on December 7, 2018.

**II.   Discussion**

In his motion for early termination of supervised release, McAdoo argues that he has been compliant with all aspects of his supervision since his release, that he has been fully employed, that his drug tests have been negative, and that he overserved his sentence by more than nine months. In opposing the motion, the Government argues that McAdoo's criminal history of VI and the need to protect

the public requires supervision for two years. The Government further argues that, while McAdoo overserved his sentence, the court may have taken that into consideration in resentencing him to a term of supervision of two years.

After reviewing the file, the court cannot determine why on two occasions it imposed 5-year terms of supervised release and then on the final judgment gave a 2-year term of supervised release. The court notes, however, that McAdoo's criminal history is alarming. He had 16 criminal history points; 16 prior convictions that were not assigned criminal history points; and additional convictions that were not assigned points for various reasons. This court is concerned about his being a recidivist.

A term of 2-years supervised release is modest considering McAdoo's past criminal conduct and his convictions. Accordingly, the motion for early termination of supervised release will be denied.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: February 15, 2018